UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAREK FARAG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN KELLY, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF STATE; REX TILLERSON, in his official capacity as Secretary of State; the UNITED STATES OF AMERICA; and OTHER UNKNOWN DEFENDANTS, | ) ) ) ) ) ) ) ) ) ) ) ) No. 17 C 2307  Judge Feinerman |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

Plaintiff Tark Farag, *pro se*, and defendants, by Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, submit the following joint status report:

**A.    Nature of the Case**

1.    Plaintiff Tarek Farag is acting *pro se*. Defendants are represented by Assistant U.S. Attorney Alex Hartzler and by Aaron S. Goldsmith, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice.

2.    The parties dispute whether federal jurisdiction exists in this case.

**Plaintiff's position:** Plaintiff argues that federal jurisdiction exist under 28 USC § 1331, the Administrative Procedure Act ("APA"), the Immigration and Nationality Act ("INA"), and other statutes. The Court is authorized to award the requested declaratory, injunctive, and other relief under 28 USC §§ 2201-2202, and the APA, 5 USC § 706. As for the standings of the plaintiff and jurisdictions, this case is very similar to Hawaii CV. NO. 17-00050 DKW-KSC (disputing Trump's Executive Orders banning the admittance of people from certain countries into the USA) with some differences. These differences are that the District Court of Hawaii gave itself the authority to rewrite Trump's order to insert the description "Muslim" in the order, and violated the First Amendment and the U.S. Constitution and Laws by qualifying Muslims to enter the USA in spite of the terrifying teachings of Islam and the acts of Islamic terrorists everywhere. While in

this case, Plaintiff's argument is based on undisputed facts about Sharia and the violent teachings of Islam that are against our laws. Our laws do not prohibit religious discrimination in admitting people into the USA 8 USC § 1152(a)(1)(A) "- - no person shall receive any preference or priority or be discriminated against in the issuance of an immigrant visa because of the person's race, sex, nationality, place of birth, or place of residence". Islamic ideologies are totalitarian ideologies that are banned already by 8 USC § 1182(a)(3)(D)(i) "Any immigrant who is or has been a member of or affiliated with the Communist or any other totalitarian party (or subdivision or affiliate thereof), domestic or foreign, is inadmissible". Islamic teachings change the mentality and behavior of Muslims to that of terrorists, which are banned by 8 USC § 1182(a)(1)(A)(iii)(I) "to have a physical or mental disorder and behavior associated with the disorder that may pose, or has posed, a threat to the property, safety, or welfare of the alien or others", and 8 USC § 1182 (a)(3)(B)(i)(II) "a consular officer, the Attorney General, or the Secretary of Homeland Security knows, or has reasonable ground to believe, is engaged in or is likely to engage after entry in any terrorist activity". Plaintiff claims that "The miserable failures of the defendants to protect the country as demonstrated by the attacks of terrorists and losses of lives, made him feel unsafe, terrified, and costing him time and money. For example, when he flies he pays money to the government to torture him in long and time-consuming security lines, and allow strangers to humiliate him and invade his privacy". Plaintiff claims that the failure of the government to enforce our immigration laws made his family members lose their opportunity to migrate legally to the USA to illegal immigrants. In spite of the trillions of dollars, our government spends every year from our taxes or collected directly from him and other citizens as fees for security in airports, courts, and other places, it failed miserably in stopping Islamic terror, which are impossible to prevent except by preventing the people that believe in terrorists' ideologies from entering the USA.

The teams of lawyers representing the defendants are violating their duties and the public trust "Federal employee has a responsibility to the United States Government and its citizens to place loyalty to the Constitution, laws, and ethical principles above private gain" [https://www.justice.gov/jmd/do-it-right]. They should have been the ones that file such cases and supporting the Plaintiff not opposing him. By trying to dismiss this case, they are:
 (1) Trying to prove that Islamic Sharia is not against our laws and Constitution;
 (2) Trying to say that Sharia is a good thing and we must apply it;
 (3) Committing wrongful acts and carelessly endangering the American people;
 (4) Declaring that the Government has no duty to protect the American people;
 (5) Declaring that all Muslims are not terrorists and we must admit anyone who says that he is a Muslim just because he is a Muslim;
 (6) The Government has no duty to enforce our laws and Constitution;
 (7) Violating the First Amendment and our Laws by taking actions respecting Islam, hiding its true terrifying nature, and promoting the admission of Muslims that adopt and practice terrorists' ideologies into the USA; and
 (8) They HAVE NO EXCUSE after the Plaintiff showed the true nature of Islamic teachings SUPPORTED BY THE ORIGINAL ARABIC REFERENCES.

**Defendants' position:** As a threshold matter, plaintiff has failed to allege any basis for standing because he failed to identify any particularized injury-in-fact which he wants redressed. *See Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013) (explaining that no principle is "more fundamental to the judiciary's proper role in our system of government" than this

requirement) (citations and quotations omitted); *Valley Forge Christian College v. Americans United for Separation of Church and States, Inc.*, 454 U.S. 464, 472 (1982) (discussing the importance of this limitation in our system of separated powers). Rather, plaintiff has generalized grievances about how the government operates. *See Lance v. Coffman*, 549 U.S. 437, 439-40 (2007) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy"). Likewise, to the extent he is challenging potential future action and raising abstract disagreements over administrative policies, his claims are not ripe and should be dismissed. *See Nat'l Park Hospitability Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-8 (2003) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967)).

      3.      Plaintiff states that he is bringing this action "to protect his life, family, property, and community against Islamic terrorists and the failures of the government." Dkt. 21, ¶ 1. His amended complaint lists the following purported causes of action: Count I (Declaratory Relief that Sharia is Incompatible with Our Laws and Constitution, and Should be Banned); Count II (Injunctive Relief Banning the Entrance of Muslims in the U.S. Except Under Certain Conditions); Count III (Compel the Defendants to Vet the People Entering the U.S. to Make Sure They Do Not Endanger Our Wellbeing); Count IV (It Is a Violation of Our Laws to Admit the President of Egypt or Other Foreign Government Officials Who Have Violated Religious Freedom); and Count V (Compel the Defendants to Enforce Our Immigration Laws). Plaintiff asks the court to: (i) declare that Islamic law is contrary to the Constitution and laws of the United States and should be banned; (ii) enjoin the entrance of Muslims into the United States except those who denounce clearly and explicitly without deception, the teachings of Islam that do not comply with our Constitution or laws, and present their religious books clear from any incompliant, unlawful, or violent teachings; (iii) compel the government to vet people entering the country more thoroughly; (iv) enjoin the President of Egypt and other foreign government official that committed violations of freedom of religion from entering the country; (v) compel the government to enforce our immigration laws; (vi) compensate plaintiff and his family; and (vii) award additional relief as the court deems proper. There are no counterclaims.

      4.      Defendants will file a motion to dismiss.

      5.      Defendants believe that the principal issues to be decided are: (i) whether the court has jurisdiction over this matter; and (ii) whether plaintiff has even stated a claim. Although plaintiff asserts claims under the Administrative Procedure Act, the APA only provides for review of discrete agency actions set forth in the APA, specifically 5 U.S.C. § 551(13). *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62, 64 (2004) (litigant "cannot seek *wholesale* improvement of this program by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made") (emphasis, original quotations, and citations omitted); *Texas Health and Human Services Comm. v. United States*, 193 F. Supp. 3d 733, 741 (N.D. Tex. 2016) (dismissing APA challenge to the resettlement of Syrian refugees). And not only must the agency action be discrete to be subject to judicial review, it also must be *final*. *See id.*; *Home Builders Ass'n of Greater Chicago v. U.S. Army Corps. Eng'rs*, 335 F.3d 607, 614 (7th Cir. 2003). Here, plaintiff has failed to allege any discrete agency action, let alone any final agency for the court to review.

Plaintiff also attempts to state a claim under 8 U.S.C. § 1182, but this provision does not create a private cause of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress"); *Texas Health*, 193 F. Supp. 3d at 739-740 (holding that the Refugee Act does not create a private cause of action to challenge the resettlement of refugees in this country).

Finally, Plaintiff is not within the zone of interest of any of the statutory provisions he cites, so there is no basis for allowing this lawsuit to move forward. *See Lexmark Int., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1389 (2014) (zone-of-interests test forecloses suit by plaintiff whose interests are so marginally related to statute's purpose that it cannot reasonably be assumed Congress authorized plaintiff to sue).

6. Plaintiff advises the court that he has served: (1) US Attorney For Northern Dist. Of Il., Eastern Division, (2) Donald J. Trump, President Of The United States, (3) John Kelly, Secretary Of Homeland Security, (4) Rex Tillerson, U.S. Department Of State, and (5) Attorney General Of The United States, US Department Of Justice.

**B.    Proceedings to Date**

1. Plaintiff filed a "Motion for Declaratory Order Specifying the Elements of an Ideology or a Religion that Should Result in Banning It." Dkt. 14. The court denied the motion without a hearing. Dkt. 16. Plaintiff later filed a motion to amend his complaint, in which he asked the court to reconsider its denial of the earlier motion. Dkt. 18. The court granted plaintiff's request for leave to amend but declined to reconsider its previous ruling. Dkt. 20. In accordance with this ruling, plaintiff filed an amended complaint on May 13, 2017. Dkt. 21. On May 18, 2017, the court entered a minute order granting the parties until June 20, 2017 to file a joint initial status report and defendants until June 21, 2017 to respond to the amended complaint.

2. There are no pending motions.

**C.    Discovery and Case Plan**

1. No discovery has occurred.

**Plaintiff's position:** Plaintiff is planning for discovery.

**Defendants' position:** No discovery is permitted under the Administrative Procedure Act.

2. **Plaintiff's position:** Discovery is likely to encompass electronically stored information.

**Defendants' position:** Any discovery is not likely to encompass electronically stored information.

3. **Plaintiff's position:** No discovery is scheduled at this time.

4

**Defendants' position:** Because of the nature of plaintiff's claims and the likelihood that the case will be resolved through motion practice, no discovery schedule is appropriate at this time, and there will not be a trial in this matter.

**D.** **Settlement**

1. **Plaintiff's position:** Plaintiff discussed settlement with Mr. Hartzler but declined to pursue it.

**Defendants' position:** The parties have not discussed settlement.

2. **Plaintiff's position:** Plaintiff requests a settlement conference.

**Defendants' position:** Defendants do not request a settlement conference.

**E.** **Magistrate Judge**

1. The parties do not consent to proceed before a magistrate judge.

2. No matters have been referred to a magistrate judge.

Respectfully submitted,

s/ Tarek Farag
TAREK FARAG
33W135 Bonnie Street
Saint Charles, Illinois 60174
(630) 709-3965
tarekfaragusa@hotmail.com

*Pro se* Plaintiff

CHAD A. READLER
Acting Assistant Attorney
General, Civil Division

WILLIAM C. PEACHEY
Director
District Court Section
Office of Immigration Litigation

JEFFREY S. ROBINS
Assistant Director
District Court Section
Office of Immigration Litigation

5

s/ Aaron S. Goldsmith
AARON S. GOLDSMITH
Senior Litigation Counsel
District Court Section
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4107
Aaron.Goldsmith@usdoj.gov

JOEL R. LEVIN
Acting United States Attorney

s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov

Counsel for Defendants